## UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

| | 100 EAST FIFTH STREET, ROOM 540 | |
|---|---|---|
| Deborah S. Hunt | POTTER STEWART U.S. COURTHOUSE | Tel. (513) 564-7000 |
| Clerk | CINCINNATI, OHIO 45202-3988 | www.ca6.uscourts.gov |

Filed: August 01, 2018

Mr. John H. Bledsoe
Office of the Attorney General
500 Charlotte Avenue
Nashville, TN 37243

Mr. Charles W. Bone
Bone McAllester Norton
511 Union Street, Suite 1600
Nashville, TN 37219

Mr. Charles Mark Pickrell
5701 Old Harding Pike, Suite 200
Nashville, TN 37205

Re:  Case No. 16-6738, *Cyntoia Brown v. Carolyn Jordan*
     Originating Case No. : 3:15-cv-00712

Dear Counsel,

   Attached is a copy of an order that will be mailed to the Supreme Court of Tennessee today. Also attached are copies of the cover letter and proof of service required by Rule 23.

                               Sincerely yours,

                               Deborah S. Hunt, Clerk

                               Cathryn Lovely, Opinions Deputy


cc: Mr. Thomas Hauser Castelli
    Mr. Christopher Jeffrey Climo
    Ms. Marsha L. Levick
    Mr. Keith Throckmorton

Enclosures

**UNITED STATES COURT OF APPEALS**
FOR THE SIXTH CIRCUIT
100 EAST FIFTH STREET, ROOM 540
POTTER STEWART U.S. COURTHOUSE
CINCINNATI, OHIO 45202-3988

DEBORAH S. HUNT
CLERK

TELEPHONE
(513) 564-7000

August 1, 2018

Mr. James M. Hivner
Clerk of Court
Supreme Court of Tennessee
100 Supreme Court Bldg.
401 7th Avenue, N.
Nashville, TN 37219-1407901

Re: No. 16-6738
*Cyntoia Brown v. Carolyn Jordan*

Dear Mr. Hivner:

Enclosed with this letter is an order with the original signature of Judge Julia Smith Gibbons; a copy of this order was entered by the U.S. Court of Appeals for the Sixth Circuit on August 1, 2018, certifying a question of law to the Supreme Court of Tennessee pursuant to that Court's Rule 23.

We have served a copy of the certification order upon all counsel of record as indicated in the enclosed proof of service.

Please do not hesitate to call if I can be of further assistance in the matter.

Very truly yours,

Deborah S. Hunt
Clerk of Court

Enclosures

## PROOF OF SERVICE

True copies of the foregoing Certification Order were sent this ___1st___ day of ___August___, 2018, by ordinary United States Mail to Charles Mark Pickrell, 5701 Old Harding Pike, Suite 200, Nashville, Tennessee 37205; and Charles W. Bone, 511 Union Street, Nashville, Tennessee 37219, counsel for the plaintiff-appellant; and John H. Bledsoe, 500 Charlotte Avenue, Nashville, Tennessee 37243, counsel for defendant-appellee.

_____
Deborah S. Hunt, Clerk



**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**

Case No. 16-6738

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

CYNTOIA BROWN,  )
  )
   Petitioner-Appellant,  )
  )
v.  )
  )
CAROLYN JORDAN,  )
  )
   Respondent-Appellee.  )
  )
  )

**FILED**
Aug 01, 2018
DEBORAH S. HUNT, Clerk

ORDER CERTIFYING QUESTION OF LAW TO THE SUPREME COURT OF TENNESSEE

BEFORE: GIBBONS, THAPAR, and LARSEN, Circuit Judges.

PER CURIAM. Cyntoia Brown shot and killed Johnny Allen when she was sixteen years old. The state of Tennessee tried her as an adult, and a jury convicted her of first-degree murder, felony murder, and aggravated robbery. Under Tennessee law, when a juvenile is convicted of first-degree murder, a trial judge can impose one of two sentences: (1) life in prison without the possibility of parole, or (2) life in prison. Tenn. Code Ann. § 39-13-202(c)(3); *see also Roper v. Simmons*, 543 U.S. 551 (2005) (holding that juveniles cannot be sentenced to death). The judge chose the lesser of the two options and sentenced Brown to life.

Brown now seeks a writ of habeas corpus. She claims, among other things, that her sentence is unconstitutional in light of the Supreme Court's decision in *Miller v. Alabama*, 567 U.S. 460 (2012). In *Miller*, the Court held that states cannot sentence juvenile offenders to life without the possibility of parole unless they first consider whether the individual's youth and

Case No. 16-6738
*Brown v. Jordan*

its attendant characteristics warrant a lesser sentence. *Id.* at 479, 483. Brown acknowledges that she was not formally sentenced to life without the possibility of parole, but she nevertheless contends that *Miller* applies to her case because it remains unclear whether she will ever become eligible for release.

Understanding why requires some background on Tennessee's sentencing law. Prior to 1995, Tennessee Code Annotated § 40-35-501(h)(1) governed release eligibility for defendants convicted of first-degree murder and sentenced to life in prison. That subsection provides that a life sentence for first-degree murder amounts to sixty years and that a defendant will become eligible for release after serving sixty percent of that sixty-year term, less any sentence credits earned and retained. *Id.* Accordingly, a defendant like Brown would become eligible after thirty-six years' time. In 1995, however, the Tennessee legislature amended the statute. It added a new subsection—Tennessee Code Annotated § 40-35-501(i)—which provides that "[t]here shall be *no release eligibility* for a person" sentenced for "[m]urder in the first degree." *Id.* (emphasis added). The provision makes clear that such a person "shall serve one hundred percent (100%) of the sentence imposed by the court less sentence credits earned and retained" and that "no sentence reduction credits . . . shall operate to reduce the sentence imposed by the court by more than fifteen percent (15%)." *Id.*

When the state legislature added the second subsection (§ 40-35-501(i), "no release eligibility"), it did not repeal or make any changes to the first one (§ 40-35-501(h)(1), release eligibility after thirty-six years). Both are currently in effect and appear to conflict regarding whether a person sentenced to life for first-degree murder will ever become eligible for release. Brown argues that the Tennessee appellate courts have not consistently interpreted § 40-35-501(i). *Compare State v. Polochak*, No. M2013-02712-CCA-R3-CD, 2015 WL 226566, at *34 (Tenn.

Case No. 16-6738
*Brown v. Jordan*

Crim. App. Jan. 16, 2015), *with Myrick v. State*, No. M2013-02352-COA-R3-CV, 2014 WL 5089347, at *3 (Tenn. Ct. App. Oct. 8, 2014) (involving second-degree murder). As such, Brown asks that we certify the question to the Tennessee Supreme Court before determining whether she is entitled to relief under *Miller*.

The state does not object to certification but maintains that the law is not as unclear as Brown suggests. Tennessee argues that we should read the two provisions together, and that after we do, it becomes clear that a defendant sentenced to life in prison for first-degree murder will become eligible for release after serving one-hundred percent of a sixty-year life term, less any credits earned and retained. For its part, the state cites the Tennessee Attorney General's opinion from 1997, which reached the same conclusion, and the Tennessee Supreme Court's decision in *Vaughn v. State*, which endorsed the Attorney General's opinion in the context of an ineffective-assistance-of-counsel claim. 202 S.W.3d 106, 118–19 (Tenn. 2006). Based on these sources, the state argues that Brown will become eligible for release in sixty years and in perhaps as early as fifty-one.

While the state's position is a reasonable one, the Tennessee Supreme Court has never squarely held that it is correct. And because *Miller* would entitle Brown to relief if she will never become eligible for release, *see* 567 U.S. at 489, we believe the proper course is to **CERTIFY** the following question to the Tennessee Supreme Court before we issue a ruling in Brown's case. The panel **STAYS** consideration of the remaining issues on appeal pending a response.

- 3 -

Case No. 16-6738
*Brown v. Jordan*

\* \* \*

### CERTIFICATION TO THE SUPREME COURT OF TENNESSEE

A.

Having set out in detail the factual and legal basis for Brown's claim on appeal and demonstrated that it is governed by rules of Tennessee state law, we respectfully certify to the Supreme Court of Tennessee the following question:

> Will a defendant convicted of first-degree murder committed on or after July 1, 1995, and sentenced to life in prison under Tennessee Code Annotated § 39-13-202(c)(3) become eligible for release and, if so, after how many years?

B.

In accordance with Rule 23 of the Supreme Court of Tennessee, we provide the following required information:

(A) <u>Style of the Case</u>: *Brown v. Jordan*, No. 16-6738

(B) <u>Facts and Questions of Law</u>: The facts out of which the questions of Tennessee state law arise and the questions themselves are discussed above.

(C) <u>Names of Each Party</u>: Cyntoia Brown and Carolyn Jordan, Warden

(D) <u>Names, Addresses, and Telephone Numbers of Counsel</u>:

a. Counsel for Cyntoia Brown:

Charles Mark Pickrell
5701 Old Harding Pike, Suite 200
Nashville, Tennessee 37205
(615) 352-9588

Charles W. Bone
511 Union Street, Suite 1600
Nashville, Tennessee 37219
(615) 238-6300

Case No. 16-6738
*Brown v. Jordan*

    b. Counsel for Carolyn Jordan:

       John H. Bledsoe
       500 Charlotte Avenue
       Nashville, Tennessee 37243
       (615) 741-4351

(E) <u>Designation of One of the Parties as the Moving Party</u>:

    a. Moving party (Petitioner): Cyntoia Brown

    b. Adverse party (Respondent): Carolyn Jordan

C.

Accordingly, it is **ORDERED** that the above question be certified to the Supreme Court of Tennessee. In accordance with Rule 23, we instruct Ms. Deborah S. Hunt, Clerk of the United States Court of Appeals for the Sixth Circuit, to serve copies of this certification order upon counsel for the parties and to file this certification order under the seal of this Court with the clerk of the Supreme Court of Tennessee, along with appropriate proof of service.

This Order of Certification is entered by Judge Julia Smith Gibbons, as the Judge presiding in this Court.

                FOR THE COURT:

                */s/ Julia Smith Gibbons*
                Julia Smith Gibbons
                United States Circuit Judge